Filed 10/27/15  P. v. Aldrich CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ELIZABETH MARGARET ALDRICH,<br><br>        Defendant and Appellant. | A143517<br><br>(San Mateo County<br>  Super. Ct. No. SC080777) |

This is an appeal from judgment after appellant Elizabeth Margaret Aldrich pleaded no contest to three counts of first degree burglary and one count of identity theft. During sentencing, the trial court denied probation and ordered appellant to serve a total prison term of five years, four months.  Appellant was awarded a total of 460 days of credit for time served and good conduct.

After appellant filed a timely notice of appeal, appellate counsel was appointed to represent her.  Appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*People v. Wende*) in which he raises no issue for appeal and asks this court for an independent review of the record.  (See also *People v. Kelly* (2006) 40 Cal.4th 106, 124 (*People v. Kelly*).)  Counsel attests that appellant was advised of her right to file a supplemental brief in a timely manner, but she declined to exercise such right.

Mindful that our review is limited to grounds for appeal occurring after entry of the plea (Cal. Rules of Court, rule 8.304(b)(5)), we have examined the entire record in accordance with *People v. Wende*.  For reasons set forth below, we agree with counsel that no arguable issue exists on appeal.  Accordingly, we affirm the judgment.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On June 27, 2014, an amended information was filed charging appellant with four counts of first degree burglary (Pen. Code, § 460, subd. (a)) (counts one, seven, eight and ten); two counts of identity theft (Pen. Code, § 530.5, subd. (a)) (counts two and nine); one count of second degree commercial burglary (Pen. Code, § 460, subd. (b)) (count three); one count of receiving stolen property (Pen. Code, § 496, subd. (a)) (count four); one count of forgery (count five) (Pen. Code, § 470, subd. (a)); and one count of possessing access card information with intent to defraud (Pen. Code, § 484e, subd. (d)) (count six).[1] These charges stemmed from the following three series of events.

## I.      Counts One and Two:  1836/1840 Broadway Street, San Francisco.

The property manager of 1836/1840 Broadway, a four-unit building on Broadway Street in San Francisco, rented a flat to an individual identified as Maria Miller from January 12, 2014, to January 16, 2014.  This individual used the email address "maria.c.miller75@gmail.com" and paid by credit card after the two women conversed by telephone.  This individual, however, was not Miller, and was later identified as appellant.  During appellant's rental, the flat was ransacked, as were the property's other three flats, which were vacant at the time.  Among other missing items following this ransacking were televisions, curtains, and electronics.

Early in the morning hours of January 18, 2014, Uber driver, Eyad Canavati, drove appellant to 1840 Broadway Street, where she asked that he wait for her.  Canavati observed appellant use a key to enter the residence.  Appellant left the residence about 30 minutes later, and Canavati drove her to the Hertz rental car counter at the San Francisco Airport.

At the Hertz counter, appellant rented a car using a credit card in the name of Kristine Stewart.  The manager called the police after the card was reported as possibly fraudulent.  Officer Porter of the San Francisco Police Department responded, approaching appellant and asking for identification.  Appellant gave the officer an

---

[1]      All statutory citations herein are to the Penal Code unless otherwise stated.

Arizona driver's license with her photograph and Stewart's name. The officer then searched appellant, finding a credit card in the name of Maria Miller, three personal checks made out to Stewart with Miller as payor, and mail from the Broadway Street address.

## II.     Count Seven:  Indiana Street, San Francisco.

Maria Miller listed her Indiana Street condominium on the Airbnb website. She personally met with appellant and a male before renting them her condominium and giving them the keys. Video footage of the property's entryway captured appellant and a male entering the condominium. Shortly thereafter, Miller was alerted by Airbnb that the credit card used to rent her property was fraudulent. Miller alerted the police and, on December 12, 2013, they went to the condominium, where they found it "in disarray" and noted that a locked closet with Miller's personal information had been broken into. Among the missing items were Miller's passport, birth certificate, social security card and personal checks.

## III.    Count Ten: Magellan Avenue, Half Moon Bay.

Steven Perea rented his Magellan Avenue home to Kristine Stewart for the nights of December 3 and 4, 2013, through either VRBO or Homeaway. When Perea and his family returned home from vacation on December 5, 2013, Stewart's check-out date, one woman identifying herself as Stewart (later identified as appellant), and another woman identified as Stewart's sister were still in the home. Perea instructed them to leave before returning to his car to await their exit. Two hours later, the women left in separate cars that had been parked in Perea's garage. When Perea returned inside, he found a binder containing social security numbers, birth dates, and credit card numbers for various people, including Kristine Stewart.

## IV.     The Plea Deal and Sentencing.

On June 27, 2014, appellant entered a plea of no contest to three counts of first degree burglary (§ 460, subd. (a)) (counts one, seven and ten), and one count of identity theft (§ 530.5, subd. (a)) (count two), and the remaining counts were dismissed pursuant

to a negotiated plea. In pleading no contest, appellant stipulated to the factual basis for her plea and entered a *Harvey* waiver after being advised by the court of her right to a jury trial. (See *People v. Harvey* (1979) 25 Cal.3d 754.) Nonetheless, on September 4, 2014, after obtaining new counsel, appellant moved to withdraw her plea. The trial court, after a hearing, denied her motion.

Accordingly, on September 19, 2014, the trial court denied probation and sentenced appellant to a total term of five years, four months in prison. The trial court also granted appellant a total of 460 days of custody credit, and ordered her to pay a $300 restitution fine, $120 criminal conviction assessment, and $160 court operations assessment fee. The matter was then continued to December 12, 2014 for a restitution hearing.

Appellant initially filed a notice of appeal on October 28, 2014, which included a request for a certificate of probable cause. After appellant's request for this certificate was denied, she then filed the operative notice of appeal on November 7, 2014, limiting review to the sentence or matters occurring after her plea.

## DISCUSSION

As mentioned above, neither appointed counsel nor appellant has identified any actual issue for our review. Upon our own independent review of the record, we agree no actual issue exists. (*People v. Wende, supra,* 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738, 744.) Appellant, represented by competent counsel, received a total prison term of five years, four months, consisting of the four-year midterm on count one; one-third the midterm of one year, four months on count seven, to be served consecutively; the two-year midterm on count two, to be served concurrently; and an additional four-year midterm on count ten, also to be served concurrently. The trial court then awarded appellant 230 days of credit for time served and 230 days of good time/work time credit. This sentence was lawfully imposed following acceptance of appellant's valid plea agreement. (Cal. Rules of Court, rules 4.414, 4.420, 4.421 and 4.423; Pen. Code, §§ 1016-1018, § 1192.5.)

4

In particular, the record reflects that, when deciding on the appropriate sentence, the trial court properly relied on undisputed facts set forth in the probation report, including the fact that appellant was ineligible for probation absent unusual circumstances due to the nature of the first degree burglary offense, and that there were no unusual circumstances warranting the more lenient option. Further, the probation report noted that, among other relevant factors (Cal. Rules of Court, rules 4.413, 4.414), appellant's first degree burglary offense was a serious felony, she had a criminal history involving similar crimes, she had continued to engage in criminal activities, and her remorse did not appear genuine. The factors in aggravation (Cal. Rules of Court, rule 4.421) noted were that some of the victims were particularly vulnerable, the crimes involved sophistication and planning, the resulting monetary loss was substantial, appellant's criminal behavior appeared to be escalating and, while on bail for this offense and on drug diversion for an unrelated drug offense, appellant was arrested on another drug charge and found in possession of victim personal information. Mitigating factors (Cal. Rules of Court, rule 4.423), in turn, were found lacking.

This record, we conclude, afforded the trial court a reasonable basis for its judgment. (Cal. Rules of Court, rules 4.414, 4.420, 4.421 and 4.423.) And while appellant was informed by counsel of her right to file a supplemental brief in this appeal, she declined to do so. As such, based upon our independent review of this case, we find no basis for reversal.

Having ensured appellant has received adequate and effective appellate review, we affirm the trial court's judgment. (*People v. Kelly, supra*, 40 Cal.4th at pp. 112-113.)

5

**DISPOSITION**

The judgment is affirmed.

_____
Jenkins, J.

We concur:

_____
McGuiness, P. J.

_____
Pollak, J.

6